UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 3:16-cv-00714-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| SILVER TERRACE II LANDSCAPE MAINTENANCE ASSOCIATION, *et al.*, | |
| Defendants. | |

On January 10, 2018, the Court resolved two pending motions—Defendant Silver Terrace II Landscape Maintenance Association's ("Silver Terrace") motion to dismiss (ECF No. 51) and Defendant Gayle A. Kern Ltd.'s ("Kern") motion to dismiss (ECF No. 53)—and continued to stay the case pursuant to the parties' stipulation pending Defendant Ravenstar Investments, LLC's ("Ravenstar")[1] bankruptcy.[2] (ECF Nos. 71, 74, 84.) In particular, the Court granted Kern's motion to dismiss and directed entry of judgment in Kern's favor. (ECF Nos. 74, 75.) The Court granted Silver Terrace's motion with respect to the second and third claims but denied the motion with respect to the first claim for quiet title. (ECF No. 74.) The Court continued the stay pursuant to the parties' stipulation due to Ravenstar's bankruptcy. (*Id.*; ECF No. 84.[3]) Over a year later, on April 5, 2019, the Court directed a status report as to Ravenstar's bankruptcy to be filed by April 19, 2019. (ECF No. 87.) The parties failed to respond. Yet, five months later, on

---

[1]Ravenstar had asserted counterclaims and crossclaims. (ECF Nos. 17, 18.)

[2]On September 13, 2017, Ravenstar filed a notice of bankruptcy. (ECF No. 62.) The parties agreed that the automatic stay does not preclude resolution of Silver Terrace and Kern's motions and requested that the Court resolved these two motions but stay claims relating to Ravenstar. (ECF No. 70.)

[3]The Court granted the continued stay. (ECF No. 84.) However, the status report that led to that order erroneously identified Silver Terrace's motion as still pending when it was not. (ECF No. 82 at 2; ECF No. 83 at 2 (corrected report).)

September 20, 2019, Plaintiff and Counter-Defendant Bank of America, N.A. ("BANA") filed a motion to lift stay ("Motion"). (ECF No. 88.) For the reasons discussed herein, BANA's Motion is denied.

This is the entirety of BANA's Motion:

> Plaintiff and counter-defendant Bank of America. N.A. (**BANA**) moves to lift the stay entered on April 19, 2017, ECF No. 48.
>
> This court administratively stayed this case pending the Ninth Circuit issuing its mandate in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, Case No. 15-15233, on December 12, 2016. (ECF No. 44). The order instructs any party may move to lift the stay once the mandate issues. (*Id.* at 4.) The Ninth Circuit issued its mandate on December 14, 2016. Plaintiff respectfully requests the court lift the stay and direct the parties to meet and confer.

(ECF No. 88.) However, the Motion contains several defects.

First and foremost, the Court did not impose a stay "pending the Ninth Circuit issuing its mandate" in *Bourne Valley* on December 12, 2016. This case was filed only four days before that on December 8, 2016. (ECF No. 1.) On April 19, 2017, the Court did impose a stay but it was due to the pending certiorari proceedings before the United States Supreme Court in *Bourne Valley*. (ECF No. 48.) The Court lifted the stay about three months later on July 13, 2017 when the Supreme Court denied the petition for certiorari in *Bourne Valley*. (ECF No. 50.) On November 29, 2017, BANA moved for a stay, except with respect to Kern's motion to dismiss, pending Ravenstar's bankruptcy. (ECF No. 66.) On December 12, 2017, the Court granted the parties' stipulation to stay due to Ravenstar's bankruptcy, except for Silver Terrace and Kern's pending motions to dismiss which the parties asked the Court to resolve. (ECF No. 71.) Thus, contrary to BANA's representation in its Motion, the Court did not impose the current stay due to *Bourne Valley*.

After resolution of Silver Terrace and Kern's motions, the Court directed the parties to file a status report within seven days of the resolution of Ravenstar's bankruptcy or a lifting of the stay. (ECF No. 74.) Because the stay extended past a year, on April 5, 2019, the Court directed a status report to be filed by April 19, 2019. (ECF No. 87.) As noted,

1 no status report was filed. Thus, BANA will be required to show cause as to why this action should not be dismissed for failure to comply with the Court's order. In the event the Ravenstar's bankruptcy has been resolved or the automatic stay has been lifted, BANA is ordered to show cause as to why the Court should not dismiss this action for BANA's failure to file a status report within seven days of such resolution. If the Ravenstar bankruptcy has not been resolved, then BANA is required to show cause as to why it should not be sanctioned for seeking to lift the stay in violation of the automatic stay and the Court's order staying this case. BANA will have ten days to respond to this show cause order.

It is therefore ordered that BANA's motion to stay (ECF No. 88) is denied.

DATED THIS 24th day of September 2019.

_____
MIRANDA M. DU
CHEF UNITED STATES DISTRICT JUDGE