UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

Plaintiff,

v.

SILVER TERRACE II LANDSCAPE
MAINTENANCE ASSOCIATION, *et al.,*

Defendants.

Case No. 3:16-cv-00714-MMD-WGC

ORDER

## I. SUMMARY

This dispute arises from a non-judicial foreclosure sale of real property located at 8975 Silverkist Drive, Reno, Nevada 89506 ("Property") to satisfy a homeowners' association lien. Before the Court are: (1) Plaintiff Bank of America, N.A.'s ("BANA") motion for partial summary judgment on its quiet title/declaratory judgment claim (ECF No. 109); and (2) Defendant Silver Terrace II Landscape Maintenance Association's ("HOA") motion for summary judgment on all claims BANA asserts against it (ECF No. 112)[1]. The Court agrees with BANA that it properly tendered the superpriority lien amount to preserve the first deed of trust and will accordingly grant BANA's motion for partial summary judgment.

## II. RELEVANT BACKGROUND

The following facts are undisputed unless otherwise indicated.[2]

///

---

[1] The Court has reviewed the responses (ECF Nos. 113, 114, 115 (Defendant Ravenstar Investments, LLC's response)) and replies (ECF Nos. 119, 120) relating to these motions.

[2] The Court takes judicial notice of the publicly available records of the Washoe County Recorder (ECF Nos. ECF Nos. 109-1–109-6, 109-8, 109-10, 109-11).

Alyse A. Vickers ("Borrower") obtained a loan in the amount of $216,260.00 secured by a first deed of trust ("DOT") against the Property in October 2006. (ECF No. 109-1.) The DOT was assigned to Countrywide Bank, N.A. in 2006, to Countrywide Home Loans, Inc. in 2007, to Countrywide Home Loan Servicing, LP in 2008, to the Secretary of Housing and Urban Development in 2014, to Bayview Loan Servicing in 2014, and then to BANA in 2017. (ECF Nos. 109-2, 109-3 (evidencing merger).)

The HOA recorded a notice of delinquent assessments and claim of lien for the HOA's assessments against the Property on June 7, 2011, through its agent, Kern & Associates, Ltd ("Kern"). (ECF No. 109-4.) The HOA recorded a notice of default and election to sell to satisfy the delinquent assessment lien against the Property on October 10, 2011. (ECF No. 109-5.) BANA subsequently requested a ledger from the HOA, through its then agent Phil Frink & Associates ("Frink"), identifying the superpriority amount allegedly owed to the HOA, and offering to pay the superpriority portion of the HOA's lien. (ECF No. 109-7 at 3, 6–7, 9.) The HOA, through its agent Kern, refused to provide a ledger or identify the superpriority amount, and instead provided a letter, dated December 22, 2011, identifying a quarterly assessment amount of $99.00 and a total amount owing of $2,654.45, as of December 21, 2011. (*Id.* at 3, 11.) The HOA's letter said nothing about nuisance or abatement charges. (*See id.*) Based on the $99.00 quarterly assessment amount identified, BANA calculated the superpriority lien amount—the sum of nine-months (three-quarters) of common assessments (*see infra*)—to be $297.00 and delivered that amount to Kern on January 12, 2012. (*Id.* at 3, 13–15.) Kern rejected the payment and proceeded to foreclose. (*Id.* at 4, 9; ECF No. 109-6.)

The HOA foreclosed on the Property on May 24, 2012 ("HOA Sale"), purchasing the Property itself for $400.00. (ECF No. 109-8.) Defendant Ravenstar Investments, LLC ("Ravenstar") acquired the Property via a quitclaim deed from the HOA recorded on March 6, 2014. (ECF No. 109-10.) Ronald L. Brandon purportedly acquired an interest as the beneficiary to a deed of trust from Ravenstar, recorded August 11, 2014. (ECF No. 109-11.)

BANA asserts the following claims in its complaint (ECF No. 1): (1) quiet title/declaratory judgment against all Defendants (*id.* at 7–12); (2) Breach of NRS § 116.1113 against the HOA and its agents (Kern and Frink) (*id.* at 12–13); (3) wrongful foreclosure against the same (*id.* at 14–15); and (4) injunctive relief against Ravenstar and Brandon.

## III.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in

///

the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach &*
*Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. DISCUSSION

The HOA makes arguments in its motion for summary judgment as well as its response to BANA's motion for partial summary judgment that the Court need not consider because BANA's tender preserved the DOT. (*See* ECF Nos. 112, 113.) The HOA takes no substantive position concerning tender. (*See id.*) Accordingly, the Court considers only BANA and Ravenstar's arguments on the issue.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), as amended on denial of reh'g (Nov. 13, 2018) ("*Diamond Spur*"), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117, 121. And it reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117. More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1218 (Nev. 2019). Even more recently, the Ninth Circuit weighed in to confirm that the Nevada Supreme Court settled this issue—"the holder of the first deed of trust can establish the superiority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n* ("*Twilight*"), 920 F.3d 620, 623 (9th Cir. 2019).

Here, BANA tendered the superpriority amount. Nonetheless, in an attempt to create a dispute as to the adequacy of the tendered amount, Ravenstar essentially argues that BANA's tender was ineffective because BANA did not tender the full amount the HOA provided was then owing. (ECF No. 115 at 5–7.) However, as indicated above, BANA was

only required to pay the superpriority portion of the HOA's lien, which includes only nine months of unpaid assessments and charges for maintenance and nuisance abatement. BANA specifically calculated the nine months of assessments based on the $99.00 for quarterly assessments and tendered the proportionate amount—$297—to the HOA's agent. Further, there is no genuine dispute regarding whether BANA had to also pay maintenance and nuisance abatement charges. It did not. This is because there is no indication that the HOA incurred such charges; in fact, the HOA makes no such claim here (*see generally* ECF Nos. 112, 113). *Cf. Twilight*, 920 F.3d at 623 (citing *Diamond Spur*, 427 P.3d at 118) ("If the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine months of HOA dues is sufficient."). As Ravenstar raises no other relevant arguments, the Court finds that *Diamond Spur* is dispositive in favor of BANA here. The Court therefore concludes that the HOA Sale did not extinguish BANA's DOT, even though the HOA rejected BANA's tender. *See Diamond Spur*, 427 P.3d at 121–22.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that BANA's motion for partial summary judgment on its quiet title/declaratory judgment claim (ECF No. 109) is granted. The Court declares that the HOA Sale did not extinguish BANA's DOT and thus Ravenstar's interest in the Property is subject to the DOT.

It is further ordered that BANA's remaining claims, which are alleged in the alternative, are dismissed as moot.

///

///

///

It is further ordered that the HOA's motion for summary judgment (ECF No. 112) is therefore denied. The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 27th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE